# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Roosevelt D. Vallery, )
                Movant, )
vs. ) No. 05-0811-CV-W-FJG
   ) Crim. No. 95-0005-01-CR-W-FJG
United States of America, )
                Respondent. )

## ORDER

Pending before this Court are movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and § 2244 (Doc. #1), filed September 1, 2005, and the government's response in opposition to movant's petition for relief (Doc. #6), filed November 16, 2005.

Defendant entered a guilty plea on December 4, 1995, before the Honorable Elmo B. Hunter. This matter was reassigned to the Honorable Judge D. Brook Bartlett on May 6, 1966, and a Judgment and Commitment Order was entered on July 31, 1966. Subsequently, movant appealed to the United States Court of Appeals for the Eighth Circuit which affirmed his conviction on February 24, 1997. United States v. Vallery, 108 F.3d 155 (8th Cir. 1997). Certiorari was denied on November 10, 1997, and the sentence of the Court became final. Vallery v. United States, 522 U.S. 975, 118 S.Ct. 430 (1997).

Effective April 24, 1996, persons seeking relief under 28 U.S.C. § 2255 have a one-year period of limitation from the date on which their judgment is final, in which to file a § 2255 motion. See Clay v. United States, 123 S.Ct. 1072, 1075 (2003); 28 U.S.C. § 2255(1); Abdullah v. United States, 240 F.3d 638 (8th Cir. 2001); Moore v. United States, 173 F.3d 1131, 135 (8th Cir. 1999) (The "prison mailbox rule" is applicable in the one-year limitation computation) Here, that one year period of limitation ran from the time the judgment of conviction became final on November 10, 1997. Movant did not file his § 22.55 motion until September 1, 2005, or more than

seven years after that date. For the aforesaid reason, this motion is barred by the one year limitation and must be denied.

The Court will not issue a certificate of appealability in this matter. A certificate of appealability will be issued only if petitioner makes a substantial showing of the denial of a constitutional right and has indicated which specific issue or issues satisfy the showing required has been made. 28 U.S.C. § 2253(c)(2) and (3). Additionally, "the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Randolf v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (quoting Barefoot v.Estelle, 463 U.S. 880, 893 n.1 (1983)) (alteration in original). Although this may be referred to as a "modest standard," id. (citing Charles v. Hickman, 228 F.3d 981, 982 n.1 (9th Cir. 2000)), movant has failed to meet this burden.

## JUDGMENT

Upon review of movant's 28 U.S.C. § 2255 motion (Doc. # 1) and the government's response (Doc. #6) , the Court hereby denies movant's request to vacate, set aside or correct the sentence herein. The Court believes the arguments set forth by the respondent present a thorough legal and factual analysis and adopts respondent's analysis and conclusions as its own by reference hereto.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), filed September 1, 2005, is denied.

The Court further finds that the issues presented by movant are resolvable by the record and, therefore, no evidentiary hearing will be granted.

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   October 17, 2006
Kansas City, Missouri